```
BRODSKY MICKLOW BULL & WEISS LLP
Kurt Micklow, State Bar No. 113974
Edward M. Bull III, State Bar No. 141966
Philip E. Weiss, State Bar No. 152523
2608 Shelter Island Drive, No. 202
San Diego, CA 92106
Telephone:  (619) 225-8884
Facsimile:  (619) 225-8801

Attorneys for Plaintiff
RIMANDO CUETO
```

FILED
2010 JUN 10 PM 1:58
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIMANDO CUETO,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>OVERSEAS SHIPHOLDING GROUP, INC., OSG SHIP MANAGEMENT, INC., ASC LEASING VI, INC., and DOES 1-10, inclusive, *in personam*, and M/T OVERSEAS BOSTON, her engines, tackle, apparel, furniture, and appurtenances, *in rem*,<br><br>　　　　　Defendants. | CASE NO. 10 CV 1243 LAB NLS<br><br>SEAMAN'S COMPLAINT FOR PERSONAL INJURY - NEGLIGENCE UNDER THE JONES ACT, BREACH OF THE WARRANTY OF SEAWORTHINESS; AND MAINTENANCE AND CURE AND UNEARNED WAGES<br><br>DEMAND FOR JURY TRIAL<br><br>[Pursuant to 28 U.S.C. §1916 Plaintiff is Entitles to File this Complaint Without Prepayment of Court Filing Fee] |

## I.
### GENERAL ALLEGATIONS

1. Plaintiff RIMANDO CUETO ("Plaintiff") brings and maintains this action based upon the General Maritime Law pursuant to the United States Constitution Article III, Section 2. Jurisdiction is based on the Jones Act, 46 U.S.C. §30104, and 28 U.S.C. §1333.

2. Plaintiff was at all times herein a seaman employed by Defendants OVERSEAS SHIPHOLDING GROUP, INC., and OSG SHIP MANAGEMENT, INC.,

1 (collectively "OSG"). As such, Plaintiff is entitled under the provisions of 28 U.S.C.
2 §1916 to bring this Complaint without prepayment of cost or posting of bond.
3   3.   Plaintiff is a citizen of the Republic of the Philippines and a legal resident
4 of the Southern District of California.
5   4.   Plaintiff is informed and believes and thereon alleges that at all times
6 relevant, Defendants OVERSEAS SHIPHOLDING GROUP, INC., OSG SHIP
7 MANAGEMENT, INC., and ASC LEASING VI, INC., were and are foreign
8 corporations that do business within the State of California and are subject to personal
9 jurisdiction in this district.
10   5.   At all times herein mentioned, the tank ship M/T OVERSEAS BOSTON
11 was a United States flagged vessel afloat upon navigable waters of the United States
12 and/or the high seas.  Plaintiff is informed and believes that the M/T OVERSEAS
13 BOSTON will or may be within this Southern District of California during the pendency
14 of this action.
15   6.   At all times relevant, Plaintiff is informed and believes that the Defendant
16 ASC LEASING VI, INC., was the legal owner of M/T OVERSEAS BOSTON and that
17 said vessel was chartered to and operated, managed, maintained, controlled, and
18 navigated by Defendants OSG.
19   7.   Plaintiff is ignorant of the true names and capacities of the Defendants sued
20 herein as DOES 1 through 10 and therefore Plaintiff sues these Defendants by such
21 fictitious names.  Plaintiff will amend the Complaint to allege their true names and
22 capacities when ascertained.  In the meantime, Plaintiff is informed and believes that each
23 of the fictitiously named Defendants is responsible in some manner for the occurrences
24 herein alleged, and that Plaintiff's damages as herein alleged were legally caused by such
25 Defendants.
26   8.   Plaintiff is informed and believes that all of the Defendants, including those
27 sued as DOES 1 through 10, were and are the agents, alter egos, partners, joint venturers,
28 co-conspirators, principals, shareholders, servants, employers, employees and the like of

1  their co-Defendants, and in doing the things hereinafter mentioned, were acting within the
2  course and scope of their authority as such agents, alter egos, partners, joint venturers,
3  co-conspirators, principals, shareholders, servants, employers, and employees and the like
4  with the permission, ratification or consent of their co-Defendants and thus are legally
5  liable for all of the damages, including punitive damages, resulting from the acts or
6  omissions of the others.

7      9.   In or about September 2009, Plaintiff was hired by Defendants OSG in San
8  Diego, California and sent to Alaska to serve as a Specially Trained Ordinary Seaman
9  ("STOS") aboard M/T OVERSEAS BOSTON. Plaintiff was hired by Defendants for a
10 120 day voyage aboard M/T OVERSEAS BOSTON which voyage was scheduled to end
11 on or about January 12, 2010.

12      10.  During the course and scope of performing his assigned duties as an STOS
13 employed by Defendants OSG aboard M/T OVERSEAS BOSTON, Plaintiff injured his
14 spine as a result of having to repeatedly lift, pull, and manhandle excessively heavy pieces
15 of equipment and appurtenances of M/T OVERSEAS BOSTON, including specifically
16 the vessel's mooring cables or wires. Because of his spinal injuries, Plaintiff became
17 physically unable to continue performing his assigned duties on or about November 11,
18 2009. On or about November 13, 2009, Plaintiff was removed from the vessel and
19 repatriated to the Southern District of California by Defendants OSG for medical
20 evaluation of and treatment for his spinal injuries.

21                          I.
22                **FIRST CLAIM FOR RELIEF**
23     (For Jones Act Negligence Against Defendants OVERSEAS SHIPHOLDING
24         GROUP, INC., OSG SHIP MANAGEMENT, INC., and DOES 1-5, inclusive)

25      11.  Plaintiff refers to and by that reference incorporates as though fully set forth
26 herein each and every allegation contained in paragraphs 1 through 10, above.

27      12.  From the time that Plaintiff boarded M/T OVERSEAS BOSTON in Homer,
28 Alaska on or about September 12, 2009 until November 11, 2009, when Plaintiff became

SEAMAN'S COMPLAINT FOR
PERSONAL INJURIES              -3-                CASE NO.

physically unable to continue working due to his back injuries, Plaintiff was required as part of his job to lift, pull, heave, carry, drag and haul very heavy mooring cables on and across the deck areas of M/Y OVERSEAS BOSTON in order to prepare the mooring lines to be used to secure the vessel to the various docks where she berthed. Plaintiff was required to perform this very heavy work with no mechanical equipment or assistance and often without adequate assistance from other crewmembers.

13. Defendants OSG and DOES 1-5, inclusive, owed Plaintiff a duty to use reasonable care in all aspects of the employment relationship between them and, among other things, to provide Plaintiff with a reasonably safe place to work.

14. Defendants OSG and DOES 1-5, inclusive, breached this duty of care in a number of ways, including, but not limited to, the following:

(a) failing to institute and enforce safe lifting and pulling limits for their seamen aboard M/T OVERSEAS BOSTON in light of modern ergonomic science;

(b) requiring Plaintiff to lift, pull, heave, carry, drag and haul very heavy mooring cables on and across the deck areas of M/T OVERSEAS BOSTON necessitating the use of forces well in excess of safe lifting and pulling limits;

(c) failing to evaluate and institute special procedures for the handling of the large and heavy mooring lines aboard M/T OVERSEAS BOSTON;

(d) failing to exercise ordinary care under the circumstances to have the vessel's training, equipment and work methods in such a condition that Plaintiff would be able to perform his duties with reasonable safety;

(e) failing to abide by safety laws, regulations, statutes and customs and practice necessary for safety at sea with regard to the manual handling of extremely heavy loads and equipment;

(f) failing to provide adequate crew to perform the required tasks;

(g) failing to provide Plaintiff with a safe place to work; and

(h) failing to recognize and address the dangers of requiring the seamen aboard M/T OVERSEAS BOSTON to engage in extreme heavy lifting and pulling of the

vessels's lines, gear and equipment.

15. As a result of the aforesaid negligent acts and omissions, among others, Defendants OSG and DOES 1-5, inclusive, breached the duty of care they owed to Plaintiff.

16. As a legal result of such negligence, Plaintiff sustained physical and emotional injuries.

17. As a further legal result of the negligence of Defendants OSG and DOES 1-5, inclusive, Plaintiff has sustained and will continue to sustain economic damages, including without limitation, past and future medical expenses and past and future loss of earnings and benefits, all of which will be established at trial according to proof.

18. As a further legal result of Defendants OSG's negligence, Plaintiff has incurred non-economic damages, including physical and emotional pain and suffering, all of which will be established at trial according to proof.

## II.

## SECOND CLAIM FOR RELIEF

(For Breach of the Warranty of Seaworthiness *In Personam* Against Defendants OVERSEAS SHIPHOLDING GROUP, INC., OSG SHIP MANAGEMENT, INC., ASC LEASING VI, INC., and DOES 1-10, inclusive, and *In Rem* Against M/T OVERSEAS BOSTON)

19. Plaintiff refers to and by that reference incorporates as though fully set forth herein each and every allegation contained in paragraphs 1 through 18, above.

20. At all times herein relevant, Plaintiff was acting in the service of M/T OVERSEAS BOSTON performing duties of the type traditionally performed by a seaman and whose presence was necessary for the operation of the vessel.

21. By the provisions of the General Maritime Law of the United States, Defendants and their agents, employees and servants warranted to Plaintiff that M/T OVERSEAS BOSTON, and its decks, lines, gear, equipment, appurtenances, tools, crew members, training and work methods were seaworthy and in compliance with applicable

SEAMAN'S COMPLAINT FOR
PERSONAL INJURIES                    -5-                    CASE NO.

laws, statutes, standards and regulations enacted for the safety of the crew.

22. As alleged herein, M/T OVERSEAS BOSTON, its decks, lines, gear, equipment, appurtenances, tools, crew members, training and work methods were not seaworthy and were not in compliance with applicable laws, statutes, standards and regulations enacted for the safety of the crew. Defendants violated and breached the warranty of seaworthiness in the following respects, among others:

(a) failing to institute and enforce safe lifting and pulling limits for their seamen aboard M/T OVERSEAS BOSTON in light of modern ergonomic science;

(b) requiring Plaintiff and other seamen as an institutionalized work practice aboard M/T OVERSEAS BOSTON to lift, pull, heave, carry, drag and haul very heavy mooring cables on and across the vessel's deck areas necessitating the use of forces well in excess of safe lifting and pulling limits;

(c) failing to have any specialized work procedures for the handling of the large and heavy mooring lines aboard M/T OVERSEAS BOSTON;

(d) failing to have the vessel's training, equipment and work methods in such a condition that Plaintiff would be able to perform his duties with reasonable safety;

(e) failing to abide by safety laws, regulations, statutes and customs and practice necessary for safety at sea with regard to the manual handling of extremely heavy loads and equipment;

(f) failing to provide adequate crew to perform the required tasks;

(g) failing to provide Plaintiff with a safe place to work; and

(h) failing to recognize and address the dangers of requiring the seamen aboard M/T OVERSEAS BOSTON to engage in extreme heavy lifting and pulling of the vessels's lines, gear and equipment.

23. As a legal result of these breaches, Plaintiff sustained physical and emotional injuries.

24. As a further legal result of Defendants' breaches, Plaintiff has sustained and will continue to sustain economic damages, including without limitation, past and future

1 medical expenses and past and future loss of earnings and benefits, all of which will be
2 established at trial according to proof.

3     25.    As a further legal result of Defendants' breaches, Plaintiff has incurred non-
4 economic damages, including physical and emotional pain and suffering, all of which will
5 be established at trial according to proof.

## III.

## THIRD CLAIM FOR RELIEF

(For Maintenance and Cure and Unearned Wages *In Personam* Against Defendants OVERSEAS SHIPHOLDING GROUP, INC., OSG SHIP MANAGEMENT, INC., and DOES 1-10, inclusive, and *In Rem* Against M/T OVERSEAS BOSTON)

11     26.    Plaintiff refers to and by that reference incorporates as though fully set forth
12 herein each and every allegation contained in paragraphs 1 through 25, above.

13     27.    According to the General Maritime Law, when a seaman becomes ill or
14 injured while in the service of a vessel, the employer is liable *in personam* and the vessel
15 itself is liable *in rem* to provide the seaman with all reasonable medical care ("cure") and
16 pay to the seaman a reasonable rate of daily financial maintenance sufficient to cover his
17 room and board ("maintenance") from the date he became disabled until he reaches
18 "maximum cure." In addition, when a seaman becomes injured or ill during a voyage, the
19 employer is liable *in personam* and the vessel itself is liable *in rem* to pay the seaman's
20 wages through the end of the voyage.

21     28.    Plaintiff became not-fit-for duty on or about November 10, 2009, while he
22 was employed by Defendants OSG and DOES 1-10, inclusive, and working in the service
23 of M/T OVERSEAS BOSTON on a long term voyage of 120 days. Notwithstanding their
24 obligations under the General Maritime Law, Defendants have failed to timely provide
25 and pay for the full amount of maintenance and cure owing and have failed to pay
26 Plaintiff the full amount of his unearned wages due and owing through the end of the
27 voyage on which he was injured.

28     29.    As a result of the aforementioned failure of Defendants to timely provide

the full amount of maintenance and cure owing, Plaintiff's injury and condition has been worsened and he has incurred additional consequential damages because of said failure to pay maintenance and cure. Plaintiff is entitled to recover *in personam* from Defendants OSG and DOES 1-10, inclusive, all damages legally caused by their failure to provide maintenance and cure, including any and all consequential special and general damages and any and all attorneys' fees and costs incurred as a result of having to litigate the maintenance and cure issues.

30.   Plaintiff also has and is asserting herein a maritime lien and an *in rem* claim against M/T OVERSEAS BOSTON for all unpaid maintenance and cure and for the unearned wages due and owing.

31.   The failure of Defendants OSG and DOES 1-10, inclusive, to timely provide and pay for the full amount of maintenance and cure owing was wilful or arbitrary. As such, in addition to the damages alleged above, Plaintiff is entitled to recover punitive damages in an amount entrusted to the sound discretion of the jury.

## IV.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1.   That process in due form of law, according to the practices of this Honorable Court in causes of admiralty and maritime jurisprudence, may issue against M/T OVERSEAS BOSTON, her engines, tackle, apparel, appurtenances, etc., and that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters alleged herein; that Plaintiff have a judgment for his damages aforesaid, with interest and costs; and that M/T OVERSEAS BOSTON and/or her engines, tackle, apparel, appurtenances, etc., be arrested and sold to satisfy Plaintiff's judgment;

2.   That process in due form of law according to the practice of this Honorable Court issue against the Defendants, citing them to appear and answer all and singular the

matters aforesaid;

3. That Plaintiff may have judgment for his past and future economic damages in amounts according to proof at trial;

4. That Plaintiff may have judgment for his past and future non-economic damages in amounts according to proof at trial;

5. That Plaintiff be awarded prejudgment interest on the amounts of the damages awarded;

6. That Plaintiff be awarded his past Maintenance and Cure in amounts necessary to make him whole according to proof at trial;

7. That Plaintiff be awarded all of his consequential special and general damages and any and all attorneys' fees and costs incurred as a result of having to litigate the maintenance and cure issues;

8. That Plaintiff be awarded punitive damages for Defendants' arbitrary or wilful failure to timely provide and pay for the full amount of maintenance and cure owing;

9. That Plaintiff be awarded the amounts of his unearned wages due and owing with interest and penalties as permitted by law;

10. For costs of suit herein; and

11. That Plaintiff be awarded such other and further relief as this Honorable Court deems just and proper.

DATED: June 10, 2010

Respectfully submitted,

BRODSKY MICKLOW BULL & WEISS LLP

By /s/ Kurt Micklow

Attorneys for Plaintiff
RIMANDO CUETO

SEAMAN'S COMPLAINT FOR
PERSONAL INJURIES                              -9-                         CASE NO.

## V.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: June 10, 2010

Respectfully submitted,

BRODSKY MICKLOW BULL & WEISS LLP

By _____
Kurt Micklow
Edward M. Bull III

Attorneys for Plaintiff
RIMANDO CUETO

♨JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
RIMANDO CUETO

**DEFENDANTS**
Overseas Shipholding Group, Inc., OSG Ship Management, Inc., ASC Leasing Vi, Inc., and Does 1-10, M/T OVERSEAS

(b) County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   New York, New York
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Brodsky Micklow Bull & Weiss LLP, Kurt Micklow SBN 113974 384 Embarcadero W, Ste. 200, Oakland CA 94607, Tel: 510-268-6180

Attorneys (If Known)
'10 CV 1243 LAB   NLS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☒ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Jones Act, 46 U.S.C. Section 30104 and 28 U.S.C Section 1333

Brief description of cause:
Negligence-Jones Act; Breach of Warranty Seaworthiness; Maintenance Cure Unearned Wages

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE   06/10/2010
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   Waived   APPLYING IFP   JUDGE   MAG. JUDGE