UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIMANDO CUETO,<br><br>             Plaintiff,<br>v.<br><br>OVERSEAS SHIPHOLDING GROUP, INC., OSG SHIP MANAGEMENT, INC., ASC LEASING VI, INC., and DOES 1-10, inclusive, *in personam*, and M/T OVERSEAS BOSTON, her engines, tackle, apparel, furniture, and appurtenances, *in rem*,<br><br>             Defendants. | Civil No. 10cv1243 LAB (NLS)<br><br>**ORDER DENYING EX PARTE MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXPERT REPORT**<br><br>[Docket No.16] |

## I.  INTRODUCTION

In this maritime personal injury action, Plaintiff Rimando Cueto ("Plaintiff") claims that he was injured while employed as a seaman by defendant OSG Ship Management, Inc., ("OSG") aboard an oil tanker owned by defendant ASC Leasing VI, Inc., ("ASC", collectively "Defendants").  On December 30, 2011, Defendants filed an Ex Parte Motion for Leave to File Supplemental Expert Report of Edward L. Bennett [Docket No. 16.]  Defendants seek permission to supplement the expert report of Edward Bennet, a vocational rehabilitation expert.  On January 3, 3012, Plaintiff filed an Affidavit in Opposition to the Ex Parte Motion.  [Docket No. 18.]  The supplemental report seeks to add a new position, Dynamic Positioning Officer, for which Defendants claim Plaintiff is qualified and a new theory as to Plaintiff's expected work life expectancy.  For the following reasons, the Ex Parte Motion is Denied.

//

## II.     DISCUSSION

### A.     Legal Standard

Federal Rule of Civil Procedure 26 governs the disclosure of expert testimony. Rule 26(a)(2) provides that a party must disclose to other parties "the identity of all expert witnesses who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Rule 26 adds:

> Unless as otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report-- prepared and signed by the witness . . . . The report must contain a complete statement of all opinions the witness will express and the basis and reasons for them.

Fed. R. Civ. P. 26(a)(2)(B). With respect to the timing of expert disclosures, Rule 26(a)(2)(c) provides: "A party must make these disclosures at the times and in the sequence that the court orders." Rule 26(e)(2) governs the supplementation of expert reports. It provides, in pertinent part:

> For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Fed. R. Civ. P. 26(e)(2).

Parties who run afoul of Rule 26 may face sanctions as specified in Federal Rule of Civil Procedure 37, which provides in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). The exclusion sanction is "self-executing" and "automatic." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (referencing the Advisory Committee's Notes to Rule 37(c)(1) (1993 Amendments)). However, "[t]wo express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the party can prove that its failure to disclose the required information is substantially justified or harmless." *Id*. at 106-07 ("Implicit in Rule

//

//

37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.") [1]

### B. The Scheduling Order

On November 10, 2010, the Court conducted a Case Management Conference and issued a Scheduling Order. The relevant dates from the scheduling order are:

| | | | |
|---|---|---|---|
| 1. | June 10, 2011 | Deadline to exchange expert reports |
| 2. | June 27, 2011 | Deadline to supplement expert reports |
| 3. | July 29, 2011 | Close of Expert Discovery |
| 4. | January 2, 2012 | Deadline to Lodge Pre-trial Order |
| 5. | January 9, 2012 | Pretrial Conference |

On June 10, 2011, the parties timely exchanged expert witness reports, including the expert report of Edward L Bennett. (Affidavit in Opposition at 3.)

### C. The Supplementation Is Not Proper Under Rule 26(e)

Defendants first argue that the supplemental report is required under Rule 26 (e). "Although Fed. R. Civ. P. 26(e) requires a party to 'supplement or correct' a disclosure upon information later acquired, that provision does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report. . .." *Lindner v. Meadow Gold Dairies*, *Inc.*, 249 F.R.D. 625, 639 (D. Haw. 2008) *quoting Beller ex rel. Beller v. United States*, 221 F.R.D. 689, 695 (D.N.M. 2003) (citation omitted). Similarly, a "party may not rely on Rule 26(e)(1) as a way to remedy a deficient expert report or as a means of getting in, in effect, a brand new report." *Medtronic Vascular, Inc. v. Abbott Cardiovascular Systems, Inc*., 2008 WL 4601038 at *1 (N.D.Cal. Oct. 15, 2008). Supplementation "does not cover failures of omission because the expert did an inadequate or incomplete preparation. To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would reek havoc in docket control and amount to unlimited expert opinion preparation." *Akeva LLC v. Mizuno Corp*., 212 F.R.D. 306, 310 (M.D.N.C.2002) (citations omitted.).

---

[1] Although there is no motion before the court to strike the expert report, the legal standards for striking a supplemental report are relevant to the issue of whether the supplementation should be allowed.

Defendants argue that the supplementation is proper because, prior to receiving Plaintiff's expert reports, they were unaware that: 1) Plaintiff was unwilling to accept a job that required him to reside in the United States; 2) the position of Dynamic Positioning Officer existed; and 3) that Plaintiff would claim to be able to work until age 65. (Mot at 5-6). Defendants do not identify any information that was not available to them during the time allowed by the Scheduling Order for the submission of supplemental reports. Defendants also do not explain why they could not have met the June 27, 2011 deadline to supplement the expert report. Finally, Defendants also do not explain why they did not seek to extend the deadline until almost the eve of the Pretrial conference.

In short, Defendants seek to add information and theories that should have been either included in the original report or in a timely submitted supplemental report. Thus, the supplementation is neither required nor permitted by Rule 26(e). *See Reid v. Lockheed Martin Aeronautics Co.* 205 F.R.D. 655, 661 (N.D. Ga. 2001)(" In short, Rule 26 imposes a duty on Plaintiffs; it grants them no right to produce information in a belated fashion.")

**D.    The Supplemental Report is Neither Substantially Justified Nor Harmless**

1.    The Supplemental Report is Not Substantially Justified

Defendants claim that the failure to timely supplement is justified because their expert was unaware of Plaintiff's desire not to reside in the United States and Plaintiff's claimed work life expectancy. Defendants, and their expert, learned of these facts in June of 2011 when Plaintiff served them with his expert reports. Thus, these facts do not justify the failure to submit the supplemental report until December of 2011. Similarly, Mr. Bennett's lack of knowledge of the position of Dynamic Positioning Officer in June does not justify the failure to supplement until December.

Defendants also claim that they were "mislead" into thinking they could supplement Mr. Bennett's report any time up to fifteen days after Plaintiff's treating physician, Dr. Levine, issued a letter stating that Plaintiff had reached maximum cure, or specified permanent restrictions on the Plaintiff. (Tamulski Dec. ¶ 9.) According to Defendants, Dr. Levine has not yet recommended permanent restrictions or stated that Plaintiff has reached maximum cure, and, therefore, the supplemental report is timely. (Mot at 3.) Defendants have submitted a series of emails that appear to support the argument that a private agreement was reached. (Tamulski Declaration, Exhibit C). Plaintiff

does not address the alleged agreement. Civil Local Rule 7.2, however specifically addresses stipulations among the parties:

> a. Except as otherwise provided, stipulations must be recognized as binding on the court only when approved by the judge.
>
> b. Any stipulation for which court approval is sought must be filed as a "joint motion." Parties are not required to obtain a hearing date for the motion, and are not required to file a separate points and authorities or declaration unless required by the nature of the motion or requested by the assigned judicial officer.
>
> c. Upon the filing of a joint motion, the filing party must also submit a proposed order to the assigned judicial officer. The proposed order must be a document separate from the joint motion.

Civ. L.R. 7.2. Here, the parties did not seek court approval, did not file a joint motion, and did not submit a proposed order. Thus, the agreement among the parties is not binding on the court. *Dos Amigos Distributors, Inc. v. Cadbury Bebidas, S.A. de C.V.*, 2008 WL 3844062 at *1-2 (S.D. Cal. Aug 14, 2008)(overruling objection to Magistrate Judge's order striking supplemental expert report where parties extended deadline without court approval.)

### 2.  The Supplemental Report is Not Harmless

Defendants' final argument is that the supplemental report should be allowed because it will not prejudice Plaintiff. Defendants claim that the supplemental report "does not add any new theories of defense" (Mot at 6.) Plaintiff disagrees, pointing out that Defendants are attempting to add two new theories: 1) as to how Plaintiff's work life expectancy might be affected if the evidence were to show that he had a pre-existing degenerative disc disease; and 2) as to Plaintiff's employability as a Dynamic Positioning Officer. The Court agrees that Defendants is attempting to add at least one wholly new theory, rendering the addition not harmless.[2]

Defendants next argue that Plaintiff will not be prejudiced because they informed Plaintiff of their desire to supplement the report in late September 2011. (Mot at 6.)  At the same time, Plaintiff informed Defendants that he would object to the report. Notice two months after the deadline of a desire

---

[2] Plaintiff argues that Defendants are attempting to add more than just a supplemental report, that they are seeking to add new experts and new reports. Plaintiff points out that he has stated his intention to file motions in limine seeking to exclude these new witnesses. The Court expresses no opinion as to any future motions that might be filed. Similarly, the Court expresses no opinion as to whether supplementation might be justified in response to a future report from Plaintiff's treating physician.

to untimely supplement does not alleviate any prejudice.

Defendants also argue that there is no prejudice because the trial date has not been set in this case. While no trial date has been set, the Pretrial Conference is set for January 9, 2012, a mere five court days after Defendants filed this motion. Moreover, the motion was filed six months after the deadline to supplement had passed and five months after the close of expert discovery.

Finally, Defendants argue that they will make Mr. Bennett available for deposition and pay the fees for both Mr. Bennett and the court reporter. While this might alleviate some of the prejudice, it does not eliminate it. As Plaintiff argues, his experts have already given their complete opinions and depositions without the benefit of the supplemental report. If the supplemental report were allowed, Plaintiff would need the chance to supplement his own expert reports, which might also lead to the need to for further depositions. Accordingly, the late submission of the supplemental report cannot be found harmless.

### III. CONCLUSION

For the foregoing reasons, and good cause not appearing, It Is Hereby Ordered that the Ex Parte Motion for Leave to File a Supplemental Expert Witness Report is DENIED.

IT IS SO ORDERED.

DATED: January 4, 2012

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court